IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY BAKER, #677952,
    Petitioner,

vs.                                  Case No.: 3:05cv455/MCR/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

        Now pending is Petitioner's response to an order of this court directing him to show cause why the instant habeas action should not be dismissed for lack of jurisdiction (*see* Docs. 8, 9). The filing fee has been paid.

        Petitioner is a state prisoner incarcerated at Holmes Correctional Institution. Following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of first degree murder and sentenced to life imprisonment (Doc. 1 at 1). In the instant petition, Petitioner acknowledges that he previously filed in this court a petition for writ of habeas corpus, that the petition was denied, and that the appeal of that decision was denied (*id.* at 3). Indeed, the court notes that Petitioner filed a section 2254 petition in Baker v. Thompson, Case No. 5:92cv50327/WEA/SMN. In that petition, Petitioner challenged his murder conviction on the following grounds: (1) denial of a fair trial due to an all white jury; (2) denial of a fair trial and due process by the trial court's erroneous instruction to the jury on excusable homicide; (3) ineffective assistance of counsel in that "defendant counsel did not object but ("5") times in the entire trial" and

---

[1] James R. McDonough succeeded James Crosby as Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

"let the state attorney have his way in that court room"; and (4) ineffective assistance of counsel apparently due to his failure to object to the admission of a photograph of the autopsy of the victim. Baker v. Thompson, Case No. 5:92cv50327/WEA/SMN, (N.D. Fla. Mar. 30, 1994), Doc. 1. Following a Report and Recommendation, the claims were rejected upon either procedural grounds or the merits. *Id.*, Docs. 23, 26. Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, and the appellate court denied a certificate of appealability. *Id.*, Doc. 44.

Petitioner then filed another section 2254 petition challenging the same conviction, which this court dismissed without prejudice as successive. *See* Baker v. Szczecina, Case No. 3:00cv149/RV/SMN (N.D. Fla. July 6, 2000), Docs. 12, 14. Petitioner appealed that decision as well, and the Eleventh Circuit denied a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right. *Id.*, Doc. 38.

Petitioner has now filed another section 2254 petition in which he lists the same conviction as the "judgment of conviction/sentence under attack" (*see* Doc. 1 at 1). This court issued an order directing Petitioner to state whether he obtained an order from the Eleventh Circuit authorizing this court to consider his successive petition and, if not, why the instant petition should not be dismissed (Doc. 8). Petitioner responded by stating he is not challenging his conviction; rather, he is merely challenging Florida Statutes section 923.03 on the ground that it violates Article 5, section 2(a) of the Florida constitution (*see* Doc. 1 at 4; Doc. 9 at 2).[2]

---

[2]Florida Statutes section 923.03 provides:

(1) The following forms of indictment and information, in all cases to which they are applicable, shall be deemed sufficient, as a charge of the offense to which they relate as defined by the laws of this state, and analogous forms may be used in all other cases:

(a) As to first degree murder:

In the name and by the authority of the State of Florida:  The Grand Jurors of the County of _____ charge that A. B. unlawfully and from a premeditated design to effect the death of _____ (or while robbing the house of _____ as the case may be) did murder _____ in said county, by shooting her or him with a gun or pistol (or by striking her or him with a club--or by giving her or him poison to drink--or by pushing her or him into the water whereby she or he was drowned).

(b) As to second degree murder:

Unlawfully by an act imminently dangerous to another, and evincing a depraved mind, regardless of

Petitioner has failed to show a jurisdictional basis for the instant habeas action. A facial challenge to a state statute as violative of a state constitution is not cognizable on federal habeas review. The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991); Wainwright v. Goode, 464 U.S. 78, 83-84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983). The Eleventh Circuit has held that federal habeas review "is no occasion for considering the facial constitutionality of [a state] statute; such elective speculation is better left to the law

---

human life; that is to say, by firing her or his shotgun into the store of _____ (or by striking _____ with an axe, as the case may be) but without a premeditated design to effect the death of any particular person, did kill _____ in said county.

(c) As to third degree murder:

Unlawfully, and while feloniously stealing cattle (or timber, or while feloniously assaulting _____ as the case may be), but without any design to effect death, did kill _____ in said county, by sinking her or his boat (or by running over her or him with an automobile--or by shooting her or him with a gun or pistol, as the case may be).

(d) As to manslaughter:

Unlawfully and by culpable negligence, in driving an automobile (or firing a boiler--or by performing a surgical operation) or (in the heat of passion-- omitting in this latter case the allegation of culpable negligence), but without intent to murder, did kill _____ in said county, by running over her or him with said automobile (or by causing said boiler to explode--or by infecting her or him with a deadly infection--or by striking her or him with a hammer).

(e) As to perjury:

In the hearing of a cause in the _____ court of _____ County, Florida, in which _____ and others were plaintiffs and _____ others were defendants, after being duly sworn to speak the truth, falsely swore, etc. (stating the substance of the false testimony), such matter being material in said cause, and the said _____ then and there knowing that she or he swore falsely.

(2) An information shall be in the same form and signed by the state attorney who shall also append thereto the oath of the state attorney to the effect following:

Personally appeared before me (official title of state attorney) who, being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true and which, if true, would constitute the offense therein charged.

The affidavit shall be made by the state attorney before some person qualified to administer an oath.

review." Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993) (citing Estelle, 502 U.S. at 68, 112 S.Ct. at 480); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).  Thus, to the extent Petitioner is not challenging the lawfulness of his conviction or custody, his claim is not properly brought in habeas corpus.

To the extent Petitioner is challenging the lawfulness of his conviction or custody, despite his assertion to the contrary, Petitioner has failed to show that this court has jurisdiction to consider his petition.  As Petitioner was advised in Case No. 3:00cv149/RV/SMN, pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  See Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997).

It is well established that some types of collateral challenge do not render subsequent habeas petitions "second or successive."  See Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595, 1605, 146 L.Ed.2d 542 (2000) (dismissal of petitioner's section 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later section 2254 petition successive);  Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (section 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

In the instant case, the claims in Petitioner's first federal habeas petition were denied on either procedural grounds or the merits.  Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).  Furthermore, it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition.  This

failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition.  For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

Accordingly, it is **ORDERED**:

The clerk of court shall change the docket to reflect that James R. McDonough is substituted for James Crosby as Respondent.

And it is respectfully **RECOMMENDED**:

That Petitioner's habeas petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

At Pensacola, Florida this 23rd day of February 2006.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**